**UVALDE CONST. CO. v. CITY OF DALLAS.**

No. 13456.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 20, 1936.

Rehearing Denied Dec. 18, 1936.

F. W. Bartlett, W. L. Thornton, and O. D. Montgomery, all of Dallas, for appellant.

H. P. Kucera, A. J. Thuss, and J. Manuel Hoppenstein, all of Dallas, for appellee.

BROWN, Justice.

The City of Dallas, appellee here, is a "Home Rule" city, operating under a charter adopted by the people of that city, pursuant to the "Home Rule" amendment to the Constitution of Texas, adopted in 1911 (article 11, § 5). Under this charter, said appellee has control over the streets and highways within said city, and, by virtue of the provisions of its charter and the general laws of Texas, appellee city has the authority to condemn lands for the purpose of laying out new streets and for the purpose of widening any street, and the authority to assess the abutting property owners for such proposes.

Acting within its unquestioned authority, the City of Dallas ordered Carroll avenue, one of its public streets, widened, and, by proper ordinance, brought about such improvement and made and fixed the assessments for the same, together with a lien on the abutting property to secure such assessments, and thereafter, under the authority vested in said city, by proper ordinance, ordered the said widened street paved, and awarded the contract to the appellant Uvalde Construction Company. Certificates were issued by the city for both improvements, that is to say, for the widening of the street first, and subsequently for the paving of the street as widened.

Suit was brought on the certificates issued by virtue of the widening of the street, and suit was brought on the certificates issued because of the paving of such street. The causes were consolidated and tried in the district court of Dallas county.

A jury having been demanded, only one issue was submitted for determination; namely, what amount constitutes a reasonable attorneys' fee for the suit brought on the paving certificate? The jury answered, $50.

The facts being undisputed, the trial court held, and we think properly so, that the question of priority of the two liens is one of law. Acting upon this theory, the trial court gave judgment for the City of Dallas on its widening certificates, with a foreclosure of its lien, and gave judgment to the appellant, Uvalde Construction Company, on its certificates, together with attorneys' fees, and a foreclosure of its lien, but specifically found that the lien of the City of Dallas was superior to the lien of the appellant paving company, and therefore ordered the property sold and the judgment obtained by the City of Dallas paid first. This judgment is excepted to, as well as the action of the trial court in overruling its motion for a new trial. The cause was

appealed to the Court of Civil Appeals at Dallas and was by the Supreme Court transferred to this Court of Civil Appeals.

Three contentions are made: (1) That the lien of the paving company, appellant here, is prior to the lien of the City of Dallas, the city charter with respect to paving assessments having provided for such security to be "superior to all other liens, claims or title, except city, county and state taxes"; (2) that, if the paving company's lien is not superior to the City of Dallas' said lien, then such liens should be adjudged as having equal dignity, and that the proceeds of the sales of the property should be paid proportionately to the two lienholders; (3) that the attorneys' fee provided for in the paving certificate is as much a part of the debt sued upon by the paving company as the debt for the paving itself, and that the same is secured by the paving lien against the property.

In the briefs of the two parties to this litigation, it is frankly admitted that the question of priority of the liens of a similar nature to these two liens has never been decided in this state. We are therefore pioneering.

We understand that the theory of the authority and right to assess abutting property because of either widening or paving the street is predicated on the idea that the improvements done add to the value of such property an amount equal to the cost of the improvements. Under no other theory can such charge be made against the abutting property and the owner thereof. We are advised that in some jurisdictions such liens as are before us for consideration are paid in the inverse order in which they are created, on the theory, obviously, that the improvements enhance the value of the property abutting thereon to the amount of the cost of such improvements and that the prior lienholder could not equitably take advantage of such enhanced value for the purpose of satisfying his debt, which was created prior to the enhancement brought about by the last improvement. However, it was held by the Commission of Appeals of Texas, in opinion adopted by the Supreme Court, in the case of Powell v. City of Amarillo, 93 S.W.(2d) 144, 145, that two paving liens fixed against the same property on different dates are of equal dignity and

like standing in Texas, and the rule of inverse priority as applied to special assessment liens was repudiated. The opinion quotes from Hollenbeck v. Seattle, 136 Wash. 508, 240 P. 916, in which the following language was used: "Manifestly, there is no necessity for applying the inverse order rule, because governmental funds have not been expended, and the moneys go not to the government but to the private investor."

The Powell Case is the only case we have found that is apparently in point, so far as the principal issue in the instant suit is concerned, and we are applying the reasoning set forth in the opinion in the Powell Case to the case at bar. No governmental funds have been expended for either of the improvements under discussion. In the first instance, the City of Dallas, having authority to do so, issued certificates covering the cost of the widening of Carroll avenue; these certificates are made negotiable; in the second instance, under such authority the City of Dallas issued paving certificates to the contractor to whom the paving contract is let, and these are likewise negotiable. It is contemplated in each instance that the owners of the abutting property would pay for the improvements and that the properties themselves shall stand for security for such improvements, and it is not contemplated that the improvements shall be made out of governmental funds.

Following the principle laid down in the Powell case, supra, we hold that the lien fixed against the properties for widening Carroll avenue and the lien fixed against such properties for the paving of said avenue as widened are of equal dignity and of like standing. We further hold that the attorneys' fee provided for in the paving certificate is part of the paving company's debt, having been expressly made so. Therefore the judgment of the trial court is reversed, and judgment is here rendered ordering the property in question sold and further ordering the liens foreclosed against the same, and the payment of the city's debt and the paving company's debt out of the proceeds of such sale, and that, if the properties in question do not bring at such sale a sufficient sum to pay both of said debts, then the proceeds of such sales be prorated as between the two said lienholders.